CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 01, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| June Frye, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Omni Charlottesville Virginia | ) | Civil Action No. 3:24-cv-00015 |
| Corporation | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Omni Hotels Management | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendants Omni Charlottesville Virginia Corporation and Omni Hotels Management Corporation's bill of costs, which Defendants filed after the court entered summary judgment in their favor. (Dkt. 97.) Defendants ask this court to tax costs totaling $14,954.65. Plaintiff June Frye objects to this award. (Dkt. 98.) For the reasons that follow, the court will grant in part and deny in part Defendants' requested costs.

### I.      Background

Frye filed a personal injury complaint against Defendant Omni Charlottesville Virginia Corporation in Albemarle County Circuit Court on February 23, 2024. (Dkt. 1-1.) Defendant removed the case to the U.S. District Court for the Western District of Virginia on March 10, 2024. (Dkt. 1.) Defendant Omni Hotels Management Corporation was added as a defendant

in this case on January 13, 2025, pursuant to a court order granting Frye's motion for joinder. (Dkt. 27.) On September 19, 2025, the court granted Defendants' motion for summary judgment. (Dkts. 91, 92.)

The Defendants filed a bill of costs on October 10, 2025. (Dkt. 97.) In their completed form, they requested that the Clerk tax the following as costs: (1) $405.00 in "[f]ees of the Clerk"; (2) $2,404.50 in fees for service of summons and subpoenas; (3) $9,822.20 in fees for "printed or electronically recorded transcripts necessarily obtained for use in the case"; and (4) $2,322.95 in fees "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." (*Id.* at 1.) Defendants ask for a total of $14,954.65. (*Id.*) Frye filed objections to the bill of costs on October 23. (Dkt. 98.) Specifically, she contests the Defendants' requests for private process service of subpoenas costs and for ancillary deposition transcript costs. (*Id.* at 3, 5.)

## II.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party" in a case "[u]nless a federal statute, these [Federal Rules], or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). This rule establishes a "presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). While a district court has discretion to deny an award of costs, it "must justify its decision to deny costs by articulating some good reason for doing so." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (cleaned up)). The factors that justify denying an award of costs

include: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011).

A district court has jurisdiction to rule on a bill of costs even when an appeal on the merits of the case is pending. *See Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, No. 6:12-cv-00023, 2015 WL 1417058, at *2 (W.D. Va. Mar. 27, 2015); *Cook v. Roanoke Elec. Steel Corp.*, No. 7:22-cv-00040, 2023 WL 3899091, at *2 (W.D. Va. June 8, 2023). Taxable costs that may be awarded under Rule 54 are set out in 28 U.S.C. § 1920. They include, *inter alia*, "[f]ees of the clerk and marshal," fees for "transcripts necessarily obtained for use in the case," fees for "printing and witnesses," "[d]ocket fees," and fees for "compensation of interpreters." 28 U.S.C. § 1920. "Costs should be limited to those 'reasonably necessary at the time' they were incurred." *Hanwha Azdel, Inc.*, 2015 WL 1417058, at *9 (quoting *LaVay Corp. v. Dominion Fed. Sav. & Loan Assn.*, 830 F.2d 522, 528 (4th Cir. 1987)).

### III.    Analysis

Having been granted summary judgment, Defendants are the prevailing parties entitled to an award of costs in this case. *See Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 441 (E.D. Va. 2011). Defendants also bear the initial burden of showing that their requested costs are permissible under § 1920. *Id.* Once this showing is made, the burden then shifts to Plaintiff to identify any impropriety of awarding such costs. *Id.*

### A.  Deposition Transcript Costs

Fees for deposition transcripts are taxable only when "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Defendants attach the itemized invoices for transcripts of seven depositions taken in this case, which reflect the total $9.822.20 in requested deposition transcript costs.  (*See* Dkt. 97-4.)  Frye objects to the portion of Defendants' deposition transcript costs that cover (1) deposition exhibits, (2) processing fees, (3) shipping and handling fees, and (4) "smart summaries." (Dkt. 98 at 3.)  She asks that the following amounts be deducted from the $9,822.20 requested deposition transcript costs, (Dkt. 97 at 1):

| Deposition | Total Costs Requested | Exhibits | Processing | Shipping & Handling | Smart Summaries |
|---|---|---|---|---|---|
| Collin Smith | $62.65 | $10.40 | -- | -- | -- |
| Vincent Jones & Joan Newman | $1,047.95 | $7.70 | -- | -- | -- |
| Jose Rodriguez | $992.45 | $15.95 | $49.00 | | $95.00 |
| Beth Anne Potter | $1,548.30 | $14.30 | $49.00 | $55.00 | $95.00 |
| June Forehand | $939.25 | -- | -- | -- | -- |
| Anthony Holland, Meegan Dowling, & Sinisa Grbic | $1,352.10 | $23.10 | $49.00 | -- | $95.00 |
| June Frye | $3,879.50 | $13.30 | $62.00[1] | $94.00[2] | $99.00 |
| **TOTAL** | **$9,822.20** | **$84.75** | **$209.00** | **$149.00** | **$384.00** |

(Dkt. 97-4 at 1–7; Dkt. 98 at 4.)

First, Plaintiff asks for $84.75 in deposition exhibit costs to be deducted from the Defendants' award.  Generally, "district courts in the Fourth Circuit have held that a prevailing

---

[1] In her objections, Frye represents that her own deposition involved $92.00 in non-recoverable costs for "[l]ogistics and processing."  (Dkt. 98 at 5.)  But the invoice for Frye's deposition shows that Defendants were only charged $62.00 for "Logistics & Processing."  (Dkt. 97-4 at 7.)

[2] This line item in the bill for Frye's deposition was entitled "Secure Hosting & Delivery of Veritext File Suit."  (Dkt. 97-4 at 1.)

party may not tax certain expenses associated with a deposition beyond the cost of the actual transcript itself, such as *costs for the inclusion of exhibits*." *Delapp v. Shearer's Foods, Inc.*, No. 1:15-cv-00020, 2016 WL 1718395, at *3 (W.D. Va. Apr. 29, 2016) (emphasis added); *see Selective Way Ins. Co. v. Apple*, No. 3:13-cv-00042, 2017 WL 111439, at *2 (W.D. Va. Jan. 11, 2017).  Because Defendants have not shown why the court should deviate from this approach, Frye's objection will be sustained.  *See Selective Way Ins. Co.*, 2017 WL 111439, at *2.  Taxable costs will be reduced by $84.75.

Second, Frye objects to Defendants' request for "processing fees"[3] and "shipping and handling" fees.  She argues that these fees are also "ancillary" and "primarily for the convenience of counsel."  (Dkt. 98 at 3 (quoting *Delapp*, 2016 WL 1718395, at *3).)  The court agrees; like the exhibit fees, these costs are distinct from the costs of the actual transcripts necessarily obtained for use in the case.  *See Selective Way Ins. Co.*, 2017 WL 111439, at *2 (explaining that "the same logic regarding exhibits applies to shipping and handling"); *see Clehm v. BAE Sys., Inc.*, No. 7:16-cv-00012, 2018 WL 3978183, at *8 (W.D. Va. May 9, 2018), *report and recommendation adopted sub nom. Clehm v. BAE Sys. Ordnance Sys., Inc.*, No. 7:16-cv-00012, 2018 WL 3978995 (W.D. Va. Aug. 20, 2018) ("I do not find that [defendant] is entitled to the costs associated with exhibits included in Clehm's deposition transcript or shipping . . . .")  "In the absence of defendant explanation as to what actions these costs entail, the court declines to speculate whether the [processing, shipping, and handling] services go beyond counsels' mere

---

[3] Because Frye mistakenly represented that there was $92.00 worth of processing fees associated with her deposition, her requested $298.30 deduction in the cost award for the Frye deposition transcripts was miscalculated; she should have asked for a $268.30 deduction.

convenience and declines to tax the associated costs." *Blankenship v. Fox News Network, LLC*, No. 2:19-cv-00236, 2025 WL 3025693, at *14–15 (S.D.W. Va. Oct. 29, 2025) (subtracting processing and handling costs from a Rule 54 cost award). Thus, the court will deny the $209.00 in requested processing costs and $149.00 in requested shipping and handling costs.

Third, for the "Smart Summary" or "Planet Summary" deposition transcript costs, (*see* Dkt. 97-4 at 3–4, 7), neither party clearly defines what these are or how they are taxable under § 1920. Accordingly, the court declines to tax these costs and will reduce taxable costs by $384.00. *Blankenship*, 2025 WL 3025693, at *13–14 (declining to tax costs for "'Mini/Condensed' transcripts, inasmuch as no party defines such costs" or makes any showing "to support their taxability"); *Francisco*, 272 F.R.D. at 445 (declining to grant costs where the prevailing party "failed to clearly indicate what the charges represent," and the court could not "otherwise discern such from the invoices that have been presented").

Accordingly, the court will reduce the $9,822.20 requested costs for deposition transcripts by $826.75, to $8,995.45.

## B. Private Process Servers

Frye also challenges Defendants' request for the fees charged by private process servers to serve summons and subpoenas. (Dkt. 98 at 5–6.) Defendants have supplied appropriate documentation of these costs of service.[4] (*See* Dkt. 97-3.)

---

[4] Based on the receipts provided by Defendants, there are $2,405.30 in costs attributable to service of summons and subpoenas in this case. (*See* Dkt. 97-3.) However, because Defendants only ask for $2,404.50 in service of summons and subpoenas, the court will not deduct any more than $2,404.50 from Defendants' total bill of costs request.

Section 1920 does not clarify whether private process servers fall within the provision for "fees of the clerk and marshal." 28 U.S.C. § 1920(1). Consequently, courts are split as to whether these fees are encompassed in the statute's six categories. *See Clehm*, 2018 WL 3978183, at *8. The Fourth Circuit has not yet weighed in on the issue. *See id.* Nevertheless, "courts in the Western District of Virginia trend towards excluding costs for service by a private process server under § 1920." *Id.* (collecting cases); *see McLaurin v. Liberty Univ.*, No. 6:21-cv-00038, 2022 WL 16954830, at *3 (W.D. Va. Sept. 16, 2022), *report and recommendation adopted*, No. 6:21-cv-00038, 2022 WL 16953656 (W.D. Va. Nov. 15, 2022); *Keith v. Volvo Grp. N. Am., LLC*, No. 7:20-cv-00521, 2024 WL 422096, at *3 (W.D. Va. Feb. 5, 2024). This court will follow our own district's trend, "in hopes of providing 'consistency and predictability, which allows individuals and entities within this district to plan accordingly.'" *Keith*, 2024 WL 422096, at *3 (quoting *Webb v. Kroger Ltd. P'ship*, No. 7:16-cv-00036, 2017 WL 2651721, at *1–2 (W.D. Va. June 19, 2017)).

Accordingly, the court will deduct an additional $2,404.50 from the Defendants' cost award.

## IV.   Conclusion

For the foregoing reasons, the court will **GRANT in part** and **DENY in part** Defendants' bill of costs. (Dkt. 97.) The court will **GRANT in part** and **OVERRULE in part** Frye's objections to the bill of costs.[5] (Dkt. 98.) Defendants will be awarded costs in the

---

[5] The court only overrules the objections insofar as Frye asks to deduct $856.75 for the deposition line item; as explained above, she erroneously attributes an extra $30 in processing fees to the June Frye deposition. The court only deducts $826.75 from the deposition transcript costs requested.

amount of $11,723.40—calculated as Defendants' requested amount ($14,954.65) minus the

disallowed costs for ancillary deposition costs and private process service costs ($826.75 and

$2,404.50, respectively).

An appropriate Order will issue.

**ENTERED** this __1st__ day of May, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE